JiSCHOTT, Chief Judge.
On the application of the State of Louisiana we grant certiorari in order to examine the validity of a judgment of the Juvenile Court denying the State’s motion to rescind a previous order for the expungement of the records of twenty juvenile offenders.
The juveniles pled guilty and were sentenced under the provisions of LSA-Ch.C. art. 896 paragraph (F) which provides as follows:
If the child satisfactorily completes the court ordered period of supervision, the court shall discharge the child from any further supervision or conditions, set aside the adjudication, and dismiss the petition with prejudice.
When the trial court ordered expungement of the records of these cases the State filed a motion to rescind the order because the juveniles and the court failed to comply with the articles of the Louisiana Children’s Code dealing with expungement.
In denying the State’s motion the trial court reasoned that R.S. 44:9(B) which applies to adult offenders must be extended to juveniles in the same way that constitutional rights extended to adult offenders must be extended to | ¿juveniles. The trial court cited *833 In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) as authority for this proposition.
R.S. 44:9(B) entitles a defendant whose charges against him have been dismissed to an expungement of the record of the proceedings. Expungement of juvenile records is governed by Chapter 18, arts. 917 et seq., of the Children’s Code and it does not provide the juvenile with the automatic expungement as R.S. 44:9(B) does. Instead the Children’s Code provides for a contradictory proceeding against the State and provides the juvenile judge with some discretion in the granting of an order for expungement. Consequently, the adult expungement procedure is considerably more liberal than the juvenile expungement. The question is whether this runs contrary to Gault. We hold that it does not and reverse the judgment of the juvenile court. Gault involved the constitutional rights of a juvenile at the adjudication hearing or trial, but the Supreme Court specifically disclaimed from its opinion any intention to consider or affect post adjudicative procedures. Gault at 13, 87 S.Ct. at 1436. Of course expungement is post-adjudicative so that Gault does not require the same rules for the juvenile as for the adult. The correct procedure for the juvenile court in this case is contained in Ch.C. arts. 917 et seq. Since the court failed to follow this procedure in ordering expungement, the court erred in denying the motion to rescind the expungement order.
Accordingly, the judgment denying the State’s motion is reversed and set aside and the previous judgments of the juvenile court expunging the records of these juveniles are likewise set aside. The case is remanded to the trial court for further proceedings in compliance with Chapter 18 of the Louisiana Children’s Code.

REVERSED AND REMANDED.